### In the Matter of Thomas A. BROWN.

### No. 05S00–0601–DI–16.

Supreme Court of Indiana.

Sept. 27, 2006.

### ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action*, and the parties' memorandum on sanction, we find that the respondent engaged in attorney misconduct.

**Facts:** In April 1997, the Blackford Circuit Court appointed respondent, as public defender, to represent a client. Following the client's conviction, in March 1998, the court appointed respondent, as public defender, to handle the client's appeal. After being appointed by the court to handle the appeal, and while still at counsel table, respondent solicited $3,000 from the client before respondent would start the appeal. At the client's request, his wife paid respondent $3,000 within days of respondent's appointment as public defender for the appeal. Respondent did not inform the court he had accepted a fee from the client.

After filing the appellate brief, respondent submitted a claim to the Blackford Circuit Court for his work on the client's appeal. The court found respondent's bill to be exorbitant. Respondent objected to the court's characterization of respondent's billing to the court. Ultimately, the Blackford County Auditor paid respondent's claim in the amount of $3,628. Respondent's initial response to the Commission denied that he had billed the county for pauper fees after the private fees were paid.

**Violations:** Respondent's conduct violated Ind. Professional Conduct Rule 1.4(b), which requires a lawyer to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation; Prof. Cond.R. 1.5(a), which requires a lawyer's fees to be reasonable; Prof.Cond.R. 8.1(a), which prohibits a lawyer from knowingly making a false statement of material fact in connection with a disciplinary matter; Prof.Cond.R. 8.4(c), which prohibits a lawyer from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; and Prof.Cond.R. 8.4(d), which prohibits a lawyer from engaging in conduct that is prejudicial to the administration of justice.

For the misconduct found herein, this Court suspends respondent from the practice of law, effective November 13, 2006, for a period of not less than sixty (60) days, after which respondent may petition this Court for reinstatement pursuant to Ind. Admission and Discipline Rule 23 § 4. However, respondent shall remain suspended until such time as he successfully demonstrates to the satisfaction of this Court that he meets all of the reinstatement requirements, including that he can be safely recommended to the public as a person fit to resume the practice of law.

Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this order to the respondent and his attorney; to the Indiana Supreme Court Disciplinary Commission, to the hearing officer, Judge Joel D. Roberts, and to all other entities as provided in Admis.Disc.R. 23(3)(d), and to post this Order on the Court's website for orders concerning final resolution of attorney disciplinary cases.

SULLIVAN, BOEHM and RUCKER, JJ., concur.

SHEPARD, C.J., dissents with statement in which DICKSON, J., concurs.

SHEPARD, C.J., dissenting.

By deciding that sixty days suspension is the appropriate sanction for this dreadful behavior, the Court sets too low a bar for future disposition.

At the very moment he accepted the trial court's appointment for representation of an indigent, while still sitting before the judge, he demanded that his low-income client provide him with $3,000 cash before he would commence the appeal he knew the court would pay him to pursue.

Having received money from the client's family, Respondent nevertheless filed a request for payment from the court. Our hearing officer found that this represented an act of dishonesty. When asked by our Disciplinary Commission whether he had billed the trial court, Respondent denied in writing that he had done so.

This is Respondent's third adjudicated disciplinary violation. It is hard to see his behavior as warranting just sixty days, even without automatic reinstatement.

DICKSON, J., concurs.